UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIDLAND NATIONAL LIFE INSURANCE
COMPANY,

    Plaintiff,

v.                                          CASE NO: 8:07-cv-745-T-26TBM

MICHELLE SCOTT,

    Defendant.
_____/

**O R D E R**

Before the Court are Plaintiff/Counter-Defendant's (Midland) Motion to Strike Affirmative Defenses (Dkt. 11), Defendant/Counter-Claimant's (Scott) Response in Opposition (Dkt. 15), Plaintiff/Counter-Defendant's Motion to Dismiss Counterclaim (Dkt. 12), and Defendant/Counter-Claimant's Response in Opposition. (Dkt. 17). After careful consideration of the Motions, the Court finds that the Motion to Strike should be denied, and the Motion to Dismiss Counterclaim should be granted in part and denied in part.

**Motion to Strike**

The Court finds the affirmative defenses as alleged minimally suffice to overcome the attack that they are "bare-bones"[1] conclusory allegations. The defenses assert that the

---

[1] See Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach., No. 04-60861-CIVMARTINEZ, 2005 WL 975773, at * 11 (S.D. Fla. Mar. 4, 2005) (holding that merely naming the defense such as "unclean hands" is insufficient).

tender of a check denoted "settlement" substantiates the first three defenses. With respect to the two remaining defenses, the Court finds that the requirements of Rule 8(a) have been met.

## Motion to Dismiss

The counterclaim alleges breach of contract and the breach of good faith and fair dealing (count I), negligence per se (count II), and first-party bad faith (count III). Having considered the allegations in view of Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007), the Court finds that Scott's allegations "raise the right to relief above the speculative level." The arguments made by Midland, however, address issues which involve a resolution of conflicting facts at the dismissal stage, with the exception of count III for bad faith. Thus, the Counterclaim will proceed as to counts I and II.

In a first-party, statutory bad-faith claim in Florida, a claim for bad faith is premature until after the insured has proven liability under the policy. See Watkins Motor Lines, Inc. v. Crum & Forster Ins. Co., No. 3:06-cv-580-J-33MCR, 2006 WL 3328287, at * 7 (M.D. Fla. Nov. 15, 2006) (citing Talat Enters., Inc. v. Aetna Cas. & Sur. Co., 952 F.Supp. 773, 776 (M.D. Fla. 1996), aff'd, 217 F.3d 1318 (11th Cir. 2000)). The issue of liability under the policy has not yet been determined, and the resolution of that issue turns on the facts as they develop with respect to the event surrounding the application of Edward Fegan for the policy and the actions taken by Midland once Scott made a claim under the policy. Therefore, count III for first-party, statutory bad faith must be either dismissed without prejudice or abated. See Blanchard v. State Farm Mut.

Auto. Ins. Co., 575 So.2d 1289 (Fla. 1991) (holding that bad faith claim does not exist until coverage is determined).[2] This Court chooses to dismiss count III without prejudice until such time as a claim for bad-faith accrues.

With respect to the claim for punitive damages, Scott concedes that the allegation is merely conditional, and is asserted in the event circumstances arise in the course of the case warranting an award of punitive damages. There is, however, no recovery of punitive damages for a breach of contract claim, which count I alleges, and therefore the request for punitive damages must be stricken from the Counterclaim.[3]

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Plaintiff/Counter-Defendant's Motion to Strike Affirmative Defenses (Dkt. 11) is **DENIED**.

---

[2] Some courts have abated the bad-faith action, see, e.g., Watkins, while others have dismissed the claim without prejudice. See, e.g., Quadomain Condo. Ass'n v. QBE Ins. Corp., No. 07-60003-CIV-MORENO, 2007 WL 1424596 (S.D. Fla. May 14, 2007). See also Vest v. Travelers Ins. Co., 753 So.2d 1270, 1276 (Fla. 2000) (stating that a bad-faith claim brought prematurely "should be dismissed as premature); Allstate Ins. Co. v. Baughman, 741 So.2d 624 (Fla.Dist.Ct.App. 1999) (reversing trial court for failure to either abate bad faith count or dismiss without prejudice until breach of contract claim resolved). By either method of disposition, discovery on the issue must wait until resolution of the underlying breach of contract claim. See Allstate Indem. Co. v. Ruiz, 899 So.2d 1121, 1130 (Fla. 2005) (stating where "coverage and bad faith actions are initiated simultaneously, the courts should employ existing tools, such as the abatement of actions and in-camera inspection, to ensure full and fair discovery in both causes of action").

[3] Count II does not contain a request for punitive damages, and count III has been dismissed without prejudice.

(2) Plaintiff/Counter-Defendant's Motion to Dismiss Counterclaim (Dkt. 12) is **GRANTED** as to count III and **DENIED** as to counts I and II.

(3) All requests for punitive damages are hereby stricken from the Counterclaim.

(4) Count III alleging bad faith is dismissed without prejudice.

(5) Plaintiff/Counter-Defendant shall file its answer within ten (10) days of the date of this order.

**DONE AND ORDERED** at Tampa, Florida, on July 27, 2007.

                                              s/*Richard A. Lazzara*
                                          **RICHARD A. LAZZARA**
                                          **UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record